# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 CHRISTOPHER G. CANADAY**
**United States Army, Appellant**

ARMY 20120243

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Colonel Edward K. Lawson IV, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

11 July 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of attempted indecent acts, one specification of attempted communication of indecent language to a child under sixteen years of age, and one specification of attempted transfer of obscene material to a minor, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for thirty months. The convening authority approved the adjudged sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error and personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Neither the raised error nor the *Grostefon* matters warrant discussion or relief. However, upon review, we

determined that the military judge abused his discretion when he accepted appellant's plea to the specification of the Article 134, UCMJ, charge. Specifically, the military judge failed to elicit a factual basis that appellant's attempted transfer of obscene material to a minor was prejudicial to good order and discipline.

## BACKGROUND

At the time of trial, appellant was a twenty-four-year-old married soldier with one child. When he was attending Advanced Individual Training (AIT) at Fort Sill, Oklahoma, he went home on block leave for the Christmas holidays. During this time, he visited an online chat room, "Oklahoma1Yahoo!" using the Yahoo! Messenger program. Unbeknownst to him, the Tulsa, Oklahoma police department set up an online, undercover investigation where a detective posed as an underage girl using an alias of "B," a thirteen-year-old girl living in the Tulsa, Oklahoma area. The profile included images of a thirteen-year-old girl with a Yahoo! email account. The detective entered Yahoo! chat rooms using the email account established for B, and waited for individuals to invite B into private chat sessions.

Appellant entered the chat room using an email profile used exclusively by him. He invited B to engage in private messaging with him. Over the course of their online communications, the detective posing as B made it clear that she was thirteen years old. Nevertheless, appellant sent increasingly illicit messages to B, eventually sending videos of him masturbating and of his genitalia.

Throughout appellant's online communication with B, he made several suggestions that B should send videos of herself naked to him. He also provided instructions to B as to how she should masturbate, using graphic, indecent language. Finally, appellant admonished B not to show the videos or photos to anyone and not to tell her parents about their online interactions.

When he returned to AIT at Fort Sill after his leave period, he no longer had online access, so he began text messaging and emailing B using his cellular phone. On one occasion, appellant emailed B a photo of himself naked, with an erect penis, while he was wearing Army identification tags, or "dog tags." This conduct was charged as a Clause 3, Article 134 offense, but also included Clauses 1 and 2.

## LAW AND DISCUSSION

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for

questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with attempting to knowingly transfer, using a facility of interstate commerce, obscene matter to an individual who the appellant knew had not attained the age of sixteen years, in violation of 18 U.S.C. § 1470, "such conduct being prejudicial to good order and discipline in the armed forces *and* of a nature to bring discredit upon the armed forces." (Charge Sheet (emphasis added)). *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶ 60.c.(2), (3), and (4). As our superior court recently reiterated, "[t]he three clauses of Article 134 constitute 'three distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). Thus, if a specification alleges all three, then there must be an adequate basis in fact in the record to support a finding of guilty to all three.

Given the facts of this case, there is no question that appellant attempted to transfer obscene matter in violation of § 1470. Moreover, the plea inquiry clearly established facts demonstrating that appellant's conduct was service-discrediting. However, he did not discuss with appellant how or whether his conduct was prejudicial to good order and discipline in the armed forces. Consequently, the military judge did not elicit an adequate factual basis during his colloquy with appellant to support his plea to committing conduct prejudicial to good order and discipline. Similarly, the stipulation of fact was silent as to this element. Accordingly, on the record before us, we find a substantial basis in fact to question appellant's pleas to violating Clause 1 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, the court affirms only so much of the finding of guilty of the Specification of Charge II as finds that appellant "did, at or near Fort Sill, Oklahoma, on or about 4 January 2011, attempt to knowingly transfer via the internet, a facility of interstate commerce, obscene matter, to wit: a photo of PV2 Canaday's penis, to another individual who PV2 Canaday knew had not attained the age of sixteen years, in violation of 18 United States Code Section 1470, which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

CANADAY—ARMY 20120243



FOR THE COURT:

*Anthony O. Pottinger*

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court